**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| GERALD H., | |
| Plaintiff, | Civil Action No. 22-1780 (MAS) |
| v. | **MEMORANDUM OPINION** |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Gerald H.'s ("Plaintiff")[1] appeal of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Plaintiff's request for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"). (ECF No. 1.) The Court has jurisdiction to review this matter under 42 U.S.C. § 405(g) and reaches its decision without oral argument under Local Civil Rule 78.1(b). For the reasons below, the Commissioner's final decision is affirmed.

## I.      BACKGROUND

In this appeal, the Court must consider whether the Administrative Law Judge's (the "ALJ") finding that Plaintiff was not disabled is supported by substantial evidence. The Court begins with the procedural posture and the ALJ's decision.

---

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

### A.    Procedural History

On November 4, 2017, Plaintiff filed an application for DIB, alleging disability beginning May 15, 2016. (AR 21, ECF No. 4.[2]) Plaintiff's claim was denied both initially and on reconsideration. (*See id.* at 21, 91, 112-14.) Thereafter, Plaintiff submitted a written request for a hearing before an ALJ. (*Id.* at 21, 120-21.) On October 26, 2020, the ALJ held a telephone hearing with the parties and an impartial vocational expert. (*See id.* at 21, 43-70.) On December 7, 2020, the ALJ issued a decision denying Plaintiff's DIB application, finding that Plaintiff was not disabled under the Act. (*Id.* at 18-40.) Plaintiff appealed the decision. (*See id.* at 201-03.)

On February 11, 2022, the Social Security Administration's Appeals Council affirmed the ALJ's decision. (*Id.* at 1-6.) On March 30, 2022, Plaintiff filed an appeal to this Court (*see generally* Compl., ECF No. 1), and on January 11, 2023, submitted his moving brief (Pl.'s Moving Br., ECF No. 10). The Commissioner filed an opposition brief on March 29, 2023. (ECF No. 9.) Plaintiff did not file a reply brief.

### B.    The ALJ's Decision

In his written decision, the ALJ concluded that Plaintiff was not disabled under the prevailing administrative regulations during the relevant period. (AR 22, 36.) The ALJ set forth the Social Security Administration's five-step sequential analysis for determining whether an individual is disabled. (*Id.* at 22-23.) As an initial matter, the ALJ found that Plaintiff "meets the insured status requirements of the Social Security Act through December 31, 2021." (*Id.* at 24.) At step one, the ALJ found that Plaintiff "has not engaged in substantial gainful activity since May 15, 2016, the alleged onset date." (*Id.*)

---

[2] The Administrative Record ("AR") is located at ECF No. 4. The Court will reference the relevant pages of the AR and will not reference the corresponding ECF page numbers within those files.

At step two, the ALJ determined that Plaintiff had two severe impairments during the relevant period: (1) major depressive disorder ("MDD"); and (2) generalized anxiety disorder ("GAD"). (*Id.*) The ALJ also found that Plaintiff's history of substance use disorder was a non-severe impairment, deeming Plaintiff to be in remission because he completed an inpatient rehabilitation program in June of 2019 and had since remained sober. (*Id.*)

At step three, the ALJ determined that Plaintiff's impairments did not meet or medically equate to one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526 during the relevant period. (*Id.* at 24-26.)

The ALJ determined that Plaintiff had the residual functional capacity ("RFC")[3] to perform "a full range of work at all exertional levels." (*Id.* at 26.) Plaintiff, however, has the following non-exertional limitations:

> [Plaintiff] is able to understand, remember[,] and carry out simple instructions, with only occasional changes to essential job functions, and is able to make simple work-related decisions; he can have occasional interaction with co-workers and supervisors, but no direct contact with the general public, and he cannot work in tandem with co-workers such as on an assembly line; and he can only perform work where production is measured at the end of the day, and not throughout the course of the day.

(*Id.* at 26-27.)

At step four, the ALJ found that Plaintiff is unable to perform past relevant work as a business analyst, implementation specialist, and senior business analyst. (*Id.* at 35.) The ALJ considered that Plaintiff was 43 years old on the alleged disability onset date, which is defined as

---

[3] RFC is defined as "the most [an individual] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1); *see Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000) (explaining that "'residual functional capacity' is defined as that which an individual is still able to do despite the limitations caused by [his] impairments") (citing *Hartranft v. Apfel*, 181 F.3d 358, 359 n.1 (3d Cir. 1999)). Determination of a claimant's RFC is the exclusive responsibility of the ALJ. 20 C.F.R. §§ 404.1527(e) and 404.1546(c).

a "younger individual" (age 18-49), and that he has at least a high school education. (*Id.*) The ALJ determined that "[t]ransferability of job skills is not material . . . because using the Medical-Vocational Rules as a framework supports a finding that the [Plaintiff] is 'not disabled,' whether or not [he] has transferable job skills." (*Id.*) Based on the aforementioned factors and Plaintiff's RFC, the ALJ determined that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." (*Id.* at 35.) In doing so, the ALJ relied upon the testimony of the vocational expert, who testified that an individual of Plaintiff's age, education, work experience, and RFC would have been "able to perform the requirements of representative occupations such as cleaners . . ., landscapers . . ., and packagers." (*Id.* at 36.)

At step five, the ALJ determined that Plaintiff was not under a disability, as defined in the Act, from May 15, 2016 (the alleged onset date) through the date of the ALJ's decision for the purposes of Plaintiff's DIB. (*Id.*)

## II.    LEGAL STANDARD

### A.    Standard of Review

When considering an appeal from the final decision of the Commissioner, the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by "substantial evidence." *Richardson v. Perales*, 402 U.S. 389, 390 (1971) (quoting 42 U.S.C. § 405(g)); *see Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000) (explaining that the reviewing court is "bound to the Commissioner's findings of fact if they are supported by substantial evidence"). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In reviewing the record for substantial evidence, the Court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (citation and internal quotations omitted). Even if the Court would have decided differently, it is bound by the ALJ's decision if it is "supported by substantial evidence." *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) (citation omitted). The Court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citation omitted).

Even amid this deferential standard, the Third Circuit has explained that the court must undertake a qualitative review and a thorough examination of the ALJ's decision and the record:

> [The substantial evidence standard] is not . . . a talismanic or self-executing formula for adjudication; rather, our decisions make clear that determination of the existence *vel non* of substantial evidence is *not* merely a quantitative exercise. A single piece of evidence will not satisfy the substantiality test if the Secretary [of Health and Human Services] ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence—particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion. The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham.

*Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) (citation omitted). It is, thus, necessary for ALJs to analyze all probative evidence and set out the reasons for their decisions. *Burnett*, 220 F.3d at 121. If the ALJ has not analyzed all probative evidence and has not sufficiently explained the weight given to the evidence, the decision is not supported by substantial evidence. *See Dobrowolsky v. Califano*, 606 F.2d 403, 407 (3d Cir. 1979) (internal citations omitted) ("[T]o say that [the] decision is supported by substantial evidence approaches an abdication of the court's

duty to scrutinize the record as a whole to determine whether the conclusions reached are rational."). The ALJ must state both the evidence considered as well as the evidence rejected. *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981) ("Since it is apparent that the ALJ cannot reject evidence for no reason or the wrong reason . . . an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." (internal citation omitted)).

On appeal, Plaintiff bears the burden "of showing not merely that the Commissioner erred, but also that the error was harmful." *Romero v. Comm'r of Soc. Sec.*, No. 18-16806, 2020 WL 2301444, at *2 (D.N.J. May 8, 2020). "[W]hen appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in his favor, based on the existing record, he is quite unlikely to show that an error was harmful." *Id.*

## B.    Establishing Eligibility for DIB

To be eligible for DIB under the Act, a claimant must be unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months[.]" 42 U.S.C. §§ 423(d)(1)(A). For purposes of the statute, a claimant is disabled only if his physical or mental impairments are "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423(d)(2)(A). A physical or mental impairment is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3).

Administrative regulations provide a five-step evaluation procedure to determine whether an individual is disabled. 20 C.F.R. § 404.1520(a)(4). For the first step, the claimant must establish that he has not engaged in any substantial gainful activity since the onset of his alleged disabilities. *Id.* § 404.1520(a)(4)(i). For the second step, the claimant must establish that he suffers from a "severe . . . impairment" or "combination of impairments." *Id.* § 404.1520(a)(4)(ii). The third step requires that the claimant provide evidence that his impairments are equal to at least one of the impairments listed in Appendix 1 of the regulations. *Id.* § 404.1520(a)(4)(iii). If the claimant demonstrates that he suffers from a listed impairment or that his severe impairment is equal to a listed impairment, he is presumed to be disabled and entitled to DIB benefits. *Id.*; 20 C.F.R. § 404.1520(d). If he cannot so demonstrate, the eligibility analysis proceeds to step four. *See* 20 C.F.R. § 404.1520(e).

Before considering step four of the sequential evaluation process, the ALJ must first determine the claimant's RFC. 20 C.F.R. § 404.1520(a)(4)(iv). In doing so, the ALJ must consider all of the claimant's impairments, including impairments that are not severe. *Id.*; SSR 96-8p, 61 Fed. Reg. 34474, 34477 (Jul. 2, 1996). Then, at step four, the ALJ determines whether the claimant's RFC permits him to resume previous employment. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant's RFC permits him to resume previous employment, the claimant is not "disabled" and thus not entitled to DIB benefits. *Id.*; 20 C.F.R. § 404.1520(f). If the claimant cannot continue in this line of work, the analysis proceeds to step five. *See* 20 C.F.R. § 404.1520(a)(4)(v). Importantly, the burden of persuasion rests with the claimant in the first four steps. *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 763 (3d Cir. 2009).

At the fifth step, the burden shifts to the Commissioner to demonstrate that the claimant can perform other work consistent with his medical impairments, age, education, past work

experience, and RFC. *Id.*; 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1560. If the Commissioner cannot satisfy this burden, the claimant will receive Social Security benefits. 20 C.F.R. § 404.1520(g).

## III.    **DISCUSSION**

Plaintiff requests that this Court reverse the Commissioner's decision because there is substantial evidence in the record to support a finding of disability, or in the alternative, to remand for reconsideration because of deficiencies in the ALJ's decision. (Pl.'s Moving Br. 2, 4.) Specifically, Plaintiff alleges that the ALJ erred in his decision by: (1) finding Plaintiff's substance abuse non-severe at step two; (2) failing to properly consider Plaintiff's combination of impairments; and (3) failing to properly analyze Paragraphs B and C of the listings 12.04 and 12.06; and (4) failing to adequately explain the RFC. (*See generally id.*) The Court considers each contention in turn.

### A.    **Step Two: Substance Abuse**

Plaintiff asserts that the ALJ's finding that Plaintiff's opioid/sedative abuse was non-severe because he was in remission since June 2019 was erroneous because he does not account for the time period from May 2016 until June 2019 when the abuse was allegedly severe. (Pl.'s Moving Br. 9-11.) The Commissioner argues in opposition that the ALJ's non-severe finding is consistent with the evidence and regardless of this finding, the ALJ also considered Plaintiff's substance abuse throughout the evaluation. (Def.'s Opp'n Br. 17-20.)

"It is well established that any omission of an impairment at [s]tep [t]wo is harmless error, provided that the ALJ determines that the claimant has at least one severe impairment and continues onto the subsequent steps of the sequential analysis." *Vanessa T-H. v. Comm'r of Soc. Sec.*, No. 23-2293, 2024 WL 1635685, at *4 (D.N.J. Apr. 16, 2024) (citing *Salles v. Comm'r of Soc. Sec.*, 229 F. App'x 140, 145 n.2 (2007)). Indeed, any such omission is harmless "when the

ALJ does not deny benefits at that step and properly considers the condition in the remaining analysis." *See Edinger v. Comm'r*, 432 F. Supp. 3d 516, 531 (E.D. Pa. 2020) (quoting *Rutherford*, 399 F.3d at 552-53).

Here, the ALJ found that Plaintiff had severe impairments during the relevant period in step two and continued to step three, rendering any deficiency at step two harmless. (*See* AR 24 (listing Plaintiff's severe impairments as MDD and GAD).) The ALJ also considered Plaintiff's substance abuse at step three (*see* AR 25-26) and in determining the RFC (*see* AR 31-32). Plaintiff's contention that the ALJ erred in finding that Plaintiff's substance abuse was non-severe is therefore an insufficient basis for reversal or remand.

### B.    Step Three: Combination of Impairments

Plaintiff asserts that the ALJ did not properly consider Plaintiff's combination of impairments at step three. (Pl.'s Moving Br. 6-8.) The ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (AR 24.) Plaintiff effectively argues that this statement was conclusory and that the ALJ's decision "does not evidence any such analysis." (Pl.'s Moving Br. 7.) Plaintiff, however, ignores the analysis that led to the ALJ's conclusion. (*See* AR 24-26.)

The ALJ's opinion must be "read as a whole" to understand the factors considered in the decision. *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004). At step three, ALJs typically must provide "some discussion" of their determination, although they "need not 'use particular language or adhere to a particular format in conducting [their] analysis,' as long as 'there is sufficient development of the record and explanation of findings to permit meaningful review.'" *Holloman v. Comm'r of Soc. Sec.*, 639 F. App'x 810, 813-14 (3d Cir. 2016) (citing *Jones*, 364 F.3d at 505).

Should the Court find the ALJ's step-three analysis deficient as to certain impairments, the plaintiff must provide reasons as to why he "might have prevailed at step three if the ALJ's analysis had been more thorough." *Id.* at 814.

Here, the ALJ specifically stated that "[t]he severity of [Plaintiff's] mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 12.04 . . . and/or 12.06." (AR 24.) Where, as here, the "ALJ explicitly considered Plaintiff's impairments 'singly and in combination,' . . . there is 'no reason not to believe' that the ALJ did so." *Ward v. O'Malley*, No. 18-13675, 2024 WL 1048078, at *6 (D.N.J. Mar. 11, 2024) (quoting *Morrison ex rel. Morrison v. Comm'r of Soc. Sec.*, 268 F. App'x 186, 189 (3d Cir. 2008)). To substantiate this finding, the ALJ engaged in a full analysis of Plaintiff's impairments, symptoms, and medical history. (*See* AR 24-26.) The ALJ also considered Plaintiff's non-severe impairments through his mention of Plaintiff's substance use disorder being in "early remission" in June 2019. (*Id.* at 25 (citing 8F/3).)

The Court finds, therefore, that the ALJ's finding that Plaintiff's combination of impairments did not meet or medically equal the severity of the listed impairments was supported by substantial evidence. In any event, Plaintiff does not provide reasons why he might have otherwise prevailed at step three, but rather generally laments the ALJ's supposed failure to consider his impairments in combination. (*See* Pl.'s Moving Br. 6-8.) The Court, accordingly, finds this argument an insufficient basis for reversal or remand.

### C.    Step Three: Medical Equivalence Analysis

"At the third step in the sequential evaluation process, a claimant will be considered disabled where a claimant has an impairment or combination of impairments that meet(s) durational requirements and meet(s) or equal(s) the criteria for Listed Impairments." *Keesha D. v.*

*Comm'r Soc. Sec.*, No. 20-15183, 2023 WL 2713842, at *6 (D.N.J. Mar. 30, 2023) (citing 20 C.F.R. § 404.1520(a)(4)(iii)). "In making a determination at step three, an ALJ should set forth the evidence he found persuasive, the evidence he rejected, and his reasoning." *Walker v. Comm'r Soc. Sec.*, No. 18-17172, 2020 WL 1531384, at *3 (D.N.J. Mar. 31, 2020) (citing *Cotter*, 642 F.2d at 705-07).

Under Listings 12.04 and 12.06, Plaintiff must satisfy all of the criteria in Paragraph A *and* the criteria in Paragraph B *or* Paragraph C. *See* 20 C.F.R. Pt. 404, Subpt. P, App.1 §§ 12.04, 12.06. Here, Plaintiff argues that the ALJ did not undertake a sufficient analysis regarding the Paragraph B or C criteria. The Court will address each Paragraph in turn.

### 1. *Paragraph B Analysis*

To satisfy Paragraph B, a claimant must have one "extreme limitation" or two "marked limitation[s]" in the following: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; or (4) adapting or managing oneself. 20 C.F.R. Pt. 404, Subpt. P, App.1 §§ 12.04, 12.06. Plaintiff alleges that the ALJ's findings were "essentially the same selected and collected findings . . . followed by a conclusory statement offered without rationale." (Pl.'s Moving Br. 13-14.) The Commissioner contends that the ALJ "provided a fulsome discussion of the evidence explaining why he made those findings." (Def.'s Opp'n Br. 12.)

First, the Court will address the criteria of understanding, remembering, or applying information. Plaintiff argues that the ALJ's decision documents "'poor' or 'limited' abilities at sustained concentration and persistence, poor memory, but the ability at simple calculation allowing him to manage whatever benefits he might be granted" and yet found a moderate limitation. (Pl.'s Moving Br. 14.) Plaintiff, however, selectively notes the evidence that the ALJ

considered, ignoring that the ALJ considered evidence that Plaintiff had "intact memory and intellect" (AR 24 (citing 3F/3-4)); "'no limitation' in understanding and memory" (*id.* at 24 (citing 3F/6)); and "coherent thought process, intact comprehension and memory, good knowledge and average estimated intelligence on mental status examinations" (*id.* at 25 (citing 9F)).

Second, regarding interacting with others, Plaintiff argues that the ALJ found evidence that Plaintiff had been "'poorly groomed, unkempt and disheveled with marginal eye contact, slouched posture and lethargic behavior,' easy agitation, yelling, screaming, cursing and throwing things, complaining of anxiety and depression in a telephone consultation but seeming calm and cooperative" and yet found a moderate limitation. (Pl.'s Moving Br. 14.) Once again, however, Plaintiff only selectively chooses the evidence that the ALJ explicitly considered. The ALJ also considered that Plaintiff "reported no problems getting along with others in his Function Report" (AR 25 (citing 8E/5)); and was "cooperative, pleasant, calm, etc. despite reporting depressed and anxious moods" (*id.* at 25 (citing 4F/2, 7F/2, 9F/15, 11F/5)).

Third, regarding concentrating, persisting, or maintaining pace, Plaintiff argues that the ALJ found evidence of "'poor concentration,' 'anxiety and trouble focusing' but without psychotic thought process" and yet found a moderate limitation. (Pl.'s Moving Br. 15.) Yet again, however, Plaintiff only selectively mentions the evidence that the ALJ explicitly considered. The ALJ also considered that in January and July 2018, Plaintiff was "able to perform simple numerical calculations and word problems, as well as serial 7's" (AR 25 (citing 4F, 7F0)); and that although he "complained of anxiety and trouble focusing on a telephone consultation with his psychiatrist in April 2020, he seemed alert and attentive with coherent thought process" (*id.* at 25 (citing 9F/15)).

Fourth and finally, regarding adapting or managing oneself, Plaintiff argues that the ALJ simply lists "[P]laintiff's intensive outpatient program for treatment of depression with decreased energy, catalogs his constricted affect, records visual hallucinations and psychotic symptoms, mentions the increased dosages of his anxiety and depression medications" and yet found a moderate limitation without any link between this evidence and the conclusions. (Pl.'s Moving Br. 15). He also argues that the ALJ did not consider how Plaintiff might do in a work setting. (*Id.*) Yet once again, Plaintiff only selectively chooses the evidence that the ALJ explicitly considered. The ALJ also considered that in July 2016 "his affect was constricted, but he was cooperative, speech was normal, and he denied suicidal or homicidal ideations and auditory or visual hallucinations." (AR 26 (citing 1F/6).) The ALJ gave the same observations in April 2020. (*id.* (citing 9F/15).)

Importantly, in evaluating whether the ALJ has discharged his duty, it is not the Court's role to re-weigh the evidence, either against or in favor of the plaintiff, or to "impose [its] own factual determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011) (citing *Richardson*, 402 U.S. at 401). "Substantial evidence does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008) (quoting *Hartranft*, 181 F.3d at 360). As explained above, the ALJ discussed more evidence than Plaintiff acknowledges in his moving brief, which supported his findings. Taking the ALJ's decision as a whole, the Court finds that the evidence described above is substantial and supports the ALJ's findings as to Paragraph B at step three.

But even if the Court found that the ALJ's decision was not supported by substantial evidence, "the claimant must show how any error in the step[ ]three analysis would 'affect the

outcome of the case.'" *Collado v. Comm'r of Soc. Sec.*, No. 19-13458, 2020 WL 5939793, at *5 (D.N.J. Oct. 6, 2020) (quoting *Rutherford*, 399 F.3d at 553). Plaintiff does not put forth evidence that the ALJ failed to consider or otherwise articulate an explanation as to how the evidence leads to the conclusion that Plaintiff is disabled at step three. The Court, accordingly, finds no basis for reversal or remand as to the Paragraph B analysis.

### 2.    *Paragraph C Criteria*

To satisfy Paragraph C, a claimant's mental disorder must be "serious and persistent," which requires a documented history of the disorder for a period of at least two years and: (1) ongoing medical treatment, therapy, psychosocial support, or a highly structured setting that diminishes symptoms; and (2) a showing of marginal adjustment, or "minimal capacity to adapt to changes in [the claimant's] environment or two demands that are not already part of [the claimant's] daily life." 20 C.F.R. Pt. 404, Subpt. P, App.1 §§ 12.04, 12.06. Plaintiff argues that the ALJ did not provide an explanation or rationale as to why the marginal adjustment criteria was not met and seemingly based his decision on Plaintiff receiving ongoing treatment, which is insufficient. (Pl.'s Moving Br. 16-19.)

The ALJ found that Plaintiff did not demonstrate marginal adjustment because he: (1) has "shown the insight and willingness to receive treatment for his mental health and substance abuse issues, including higher levels of care when necessary"; (2) maintained his sobriety; and (3) does not show "substantial decompensation" in his condition. (AR 26.) Contrary to Plaintiff's argument, the ALJ did not base his findings on Plaintiff's general ongoing treatment, but rather his "insight and willingness" to get "higher levels of care than necessary." (*Id.*) Achieving such higher levels of care *when necessary* demonstrates adaptability because Plaintiff seeks out additional treatment when necessary rather than simply maintaining a static course of treatment. Coupled with

Plaintiff's sobriety and lack of decompensation despite his conditions, the Court finds that the ALJ's decision regarding Paragraph C is supported by substantial evidence.

### D.    RFC Determination

Plaintiff argues that the ALJ does not adequately explain the RFC and does not integrate his findings of moderate limitations from step three into the RFC. (Pl.'s Moving Br. 28-29.) The Commissioner argues in opposition that the ALJ provided a fulsome discussion of the RFC assessment that affords meaningful judicial review. (Def.'s Opp'n Br. 21.) The Court agrees.

Regulation 20 C.F.R. § 404.1545(a)(3) states that the ALJ "will assess [Plaintiff's] [RFC] based on all of the relevant medical and other evidence" and "consider any statements about what [Plaintiff] can still do that have been provided by medical sources, whether or not they are based on formal medical examinations." Notably, if an ALJ is faced with conflicting medical conclusions, he "is not only entitled but required to choose between them." *Cotter*, 642 F.2d at 705. But the ALJ must explain why evidence has been rejected. *Id.*

In making his RFC determination, the ALJ discussed Plaintiff's hearing testimony, including: (1) the history of Plaintiff's mental conditions; (2) Plaintiff's symptoms; (3) the treatment and medication Plaintiff has received for his conditions; (4) Plaintiff's response to treatment and medication; (5) various medical opinions and diagnoses; and (6) prior administrative medical findings. (AR 26-35.) The ALJ's decision further states that Plaintiff's "alleged symptoms and limitations are partially supported by the objective medical and other evidence; however, the overall record does not support finding 'disabling' limitations." (*Id.* at 29.) As to the prior administrative medical findings, the ALJ explained why he gave certain findings more weight than others. (*See, e.g.*, *id.* at 33 ("Given the lack of supporting rationale and specificity in Dr. Schiano's report, the persuasiveness of her opinion is limited accordingly."); *id.* (explaining the limited

persuasiveness of Dr. Resnikoff's findings because they did not include an opinion on Plaintiff's ability to perform work-related activities); *id.* at 33-34 (explaining that Dr. Brown's finding lacked "any persuasive value" because it was "based solely on [Plaintiff's] self-reported symptoms").) The ALJ, therefore, considered all relevant medical evidence and adequately explained why he rejected or gave less weight to certain conflicting findings. The Court, accordingly, finds that the ALJ's RFC determination is judicially reviewable and supported by substantial evidence.

## IV.    **CONCLUSION**

For the reasons outlined above, the Court affirms the Commissioner's decision. An Order consistent with this Memorandum Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE